728 P.2d 1324

**STATE of Idaho, ex rel. Tom D. McEL-DOWNEY, Director of the Department of Finance, Petitioner-Respondent,**

v.

**Herb UHL, Respondent-Appellant.**

No. 16215.

Supreme Court of Idaho.

Dec. 5, 1986.

Herb Uhl, pro se.

Jim Jones, Atty. Gen., Wayne Klein, Deputy Atty. Gen., Dept. of Finance, for respondent.

PER CURIAM.

This is an appeal from an order of the district court requiring compliance with a subpoena duces tecum issued by the Department of Finance of the State of Idaho. We affirm.

In early 1985 the Department of Finance was informed by Idaho residents of seminars being held by Herb Uhl and Carl Patterson, promoting an offering of $10,-000,000.00 "self-liquidating loans" in exchange for a $4,000.00 fee. The Department initiated an investigation, and in the course thereof served Uhl and Patterson with an administrative subpoena duces tecum. Uhl and Patterson refused to comply with the subpoena, and the Department obtained from the district court an order to show cause why Uhl and Patterson should not be required to comply.

At the hearing held thereon the Department indicated its investigation of the scheme promoted by Uhl and Patterson, and the necessity for the information sought by the subpoena. Uhl refused to controvert the statements of the Department, but rather moved to dismiss, asserting that the Department had no jurisdiction to issue the subpoena and that the district

court had no jurisdiction or authority to enforce compliance with the subpoena. At the hearing, Patterson admitted that he and Uhl were promoting the scheme. At the conclusion of the hearing the district court ruled that it had jurisdiction, that the Department had authority to issue the subpoena, and ordered compliance with the subpoena.

Patterson filed an action in federal court seeking an order that the Department cease and desist its investigations. That action was dismissed. Only Uhl has filed this appeal from the order of the district court requiring compliance with the subpoena.

I.C. § 30–1441 provides in pertinent part:

[F]or the purpose of any investigation or proceeding under this act the director or any officer designated by him may ... take evidence and require the production of any books, papers, correspondence, memoranda, agreements or other documents or records which the director deems relevant or material to the inquiry.

■ Clearly, the statute confers authority on the Department to require the materials sought here. There is no assertion by Uhl that the Department was arbitrary or capricious, that its acts were overreaching, or that the action was taken solely to harass Uhl. *See Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946).

■ While we find no Idaho case law on the subject, it is nevertheless clear that the legislative delegation of an investigatory power to an administrative agency is constitutionally permissible. *Northwestern Electric Co. v. Federal Power Commission,* 321 U.S. 119, 64 S.Ct. 451, 88 L.Ed. 596 (1944); *In re Di Brizzi,* 303 N.Y. 206, 101 N.E.2d 464 (1951).

The order of the district court is affirmed; costs and attorney fees to respondent.